FILED
2023 Jul-28  PM 03:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cr-00417-RDP-NAD |
| | ) | |
| KRYSTAL DIANE PINKINS | ) | |

**FINDING OF COMPETENCY;
AND ORDER GRANTING COURT'S OWN MOTION TO CONTINUE**

Pursuant to 18 U.S.C. § 4241, the court **FINDS** that Defendant Pinkins is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense, and **ORDERS** that Pinkins is competent to stand trial (*see* Doc. 1).

**BACKGROUND**

On January 20, 2023, the court granted the defendant's unopposed motion (Doc. 13; *see* Docs. 14, 15, 16, 18; minute entry entered: 01/20/2023), and ordered a mental health evaluation and report.  Doc. 17; *see* 18 U.S.C. § 4241(a), (b).

Consistent with that order, Pinkins was examined and evaluated by a forensic psychologist with the Bureau of Prisons (BOP).  *See, e.g.*, Docs. 23, 27 (under seal).

On July 12, 2023, the court received the forensic evaluation report.  Doc. 27 (under seal).

On July 25, 2023 (and in light of that report), the parties filed a joint "Stipulation Of The Parties As To The Competency Report" (Doc. 30; *see* Doc. 29;

minute entry entered: 07/21/2023), in which the parties "stipulated to the facts and findings of the Competency Report filed in this case," and stated that "neither party wishes to put on any additional evidence or argument as to the issue of competency so that the Court may rule based on the Competency Report."  Doc. 30 at 1–2; *see* 18 U.S.C. § 4241(c), (d); *see also* 18 U.S.C. § 4247(d) (no hearing).

## LEGAL STANDARD

The standard for a criminal defendant's competency is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and "whether he has a rational as well as factual understanding of the proceedings against him."  *Dusky v. United States*, 362 U.S. 402, 402 (1960) (quotation marks omitted); *accord Raheem v. GDCP Warden*, 995 F.3d 895, 929 (11th Cir. 2021); *see also* 18 U.S.C. § 4241 (similar).

## FACTUAL FINDINGS

Based on the forensic evaluation and report (Doc. 27, under seal), and the parties' joint stipulation (Doc. 30), the court **FINDS** as follows:

The examiner's report includes Pinkins' history (Doc. 27 at 2–6), her present symptoms (Doc. 27 at 7–10), a description of the psychiatric, psychological, and medical tests that were employed and their results (Doc. 27 at 2, 8–10), the examiner's findings (Doc. 27 at 8–10), the examiner's opinions as to diagnosis and prognosis (Doc. 27 at 10), and the examiner's opinions that Pinkins is ***not*** suffering

from a mental disease or defect rendering her mentally incompetent and that Pinkins *is able* to understand the nature and consequences of the proceedings against her and to assist properly in her defense (Doc. 27 at 10–12). *See* 18 U.S.C. § 4247(b), (c) (evaluation and report).

Thus, the court does ***not*** "find[] by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [s]he is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense." 18 U.S.C. § 4241(d).

### CONCLUSION

Accordingly, pursuant to 18 U.S.C. § 4241 (and *Dusky*, 362 U.S. at 402), the court **FINDS** that Pinkins is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense, and **ORDERS** that Pinkins is competent to stand trial.

\*       \*       \*

***Speedy Trial.*** Furthermore, in light of the discussion and finding above, the court **GRANTS** its own motion to continue. This case is **RESET** for the court's **September 5, 2023** trial docket. By separate order, a United States District Judge will set the trial date.

Based on the factual findings below, the time from the date of this order until

**September 5, 2023**, is excluded pursuant to 18 U.S.C. § 3161(h)(7)(A).

In addition, the deadline for pretrial motions is extended to **August 15, 2023**, with any responses due on or before **August 22, 2023**. The parties shall notify the court on the earliest practicable business day that counsel are able to determine whether the case is to be placed on the consent docket or scheduled for trial; but, in either event, the parties shall notify the court on or before **August 15, 2023**.

Under 18 U.S.C. § 3161(h)(7)(A), the "periods of delay" that "shall be excluded" in "computing the time within which the trial of [a] [criminal] offense must commence" include "[a]ny period of delay resulting from a continuance granted by any judge on his own motion," if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* In this regard, the undersigned **FINDS** that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The undersigned also **FINDS** that the failure to grant this continuance would deny Defendant's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18

4

U.S.C. § 3161(h)(7)(B)(iv).

 **DONE** and **ORDERED** this July 28, 2023.

_____
 **NICHOLAS A. DANELLA**
 UNITED STATES MAGISTRATE JUDGE

5